# MEMORANDUM

JS - 6

| Case No. | CV 11-4656 DSF (RZx) | Date | 7/5/11 |
|---|---|---|---|
| Title | William M. Ferrales v. Aurora Loan Services, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to the Superior Court of California, County of San Luis Obispo

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Defendant alleges the Court has jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (See Notice of Removal, Ex. A, ("Compl.") ¶ 3.) Federal courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, and the matter is between citizens of different states. 28 U.S.C. § 1332(a).

Defendant has not met its burden to establish that this action is between citizens of different states. Defendant is a limited liability company, and is therefore a citizen of every state of which its owners/members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's sole member is a federal savings association, Aurora Bank FSB. (Notice of Removal ¶ 6.) Federal savings associations have historically not been amenable to federal courts' diversity jurisdiction because they are not considered a citizen of any state for diversity purposes. See Hukic

**MEMORANDUM**

JS - 6

v. Aurora Loan Servs., 588 F.3d 420, 428 (7th Cir. 2009); see also Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974). One significant exception to the historical rule emerged in 2006 with the enactment of 12 U.S.C. § 1464(x), which states

> [i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association *is a party*, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office.

(emphasis added). However, § 1464(x) does not apply here because Aurora Bank FSB is not a party to this action.[1] See United States ex rel. Eisenstein v. City of New York, 129 S. Ct. 2230, 2234 (2009). For this reason, Defendant is not amenable to the Court's diversity jurisdiction, so the Court REMANDS the case to the Superior Court of California, County of San Luis Obispo.

    IT IS SO ORDERED.

---

[1] A member of a limited liability company and the company itself are considered distinct legal entities. See Abrahim & Sons Enters. v. Equilon Enters., LLC, 292 F.3d 958, 962 (9th Cir. 2002). The Court recognizes that Congress may not have foreseen this consequence when finalizing the language of § 1464(x), see Hukic, 588 F.3d at 428-29, but the Court must apply the statute in accordance with its unambiguous terms. See Coleman v. Estes Express Lines, Inc., 631 F.3d 1010, 1015 (9th Cir. 2011).